IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| JANE F. ARROCHA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 07-2564 |

**MEMORANDUM AND ORDER**

Plaintiff Jane F. Arrocha initiated this suit as a challenge to Defendant Commissioner Michael J. Astrue's denial of benefits under the Social Security Act. The case was referred to a Magistrate Judge, who filed a Report and Recommendation (R&R) (Doc. 10) affirming the Commissioner's decision. Ms. Arrocha objects to that R&R (Doc. 11). For the reasons discussed below, the R&R is adopted and the decision of the Commissioner is affirmed.

**BACKGROUND**

Ms. Arrocha applied for benefits in 2004, alleging that her disability began in June 2002. Following a hearing, an Administrative Law Judge (ALJ) denied Ms. Arrocha's request for benefits in August 2006. The Appeals Council of the Social

Security Administration declined to review her case, making the ALJ's determination the final decision of the Commissioner. Ms. Arrocha sought review of that decision here in the district court, but the Magistrate Judge recommends affirming the Commissioner's decision. Ms. Arrocha objects.

## STANDARD OF REVIEW

This court has limited review of the Commissioner's determination that plaintiff is not disabled within the meaning of the Social Security Act. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* But the court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner." *Id.*

The court reviews de novo those portions of the Magistrate Judge's R&R to which a written objection has been made. *See* D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005). The court is afforded considerable discretion in

determining what reliance it may place upon the Magistrate Judge's recommendations and findings. *See Johnson*, 402 F. Supp. 2d at 1282. The Court may accept, reject, or modify the Magistrate Judge's disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

## DISCUSSION

The objections Ms. Arrocha raises to the R&R are the same claims of error she asserted in her initial brief. Specifically, she contends that the ALJ erred in Step Three of the analysis, posed an insufficient hypothetical question to the vocation expert, and inaccurately assessed the credibility of her, her witnesses, and her evidence. Because the credibility issue determines which evidence is relevant to the other parts of the analysis, the court will address that objection first.

### I.  Credibility

In her initial memorandum in support of her claim for relief, Ms. Arrocha asserted that the ALJ discredited her testimony and that of her witnesses regarding her symptoms and limitations. Ms. Arrocha believed that determination was erroneous given the substantial evidence in the record supporting her assertions of pain and limitation. After noting that "the ALJ's determination of the evidence of record is unusually detailed and extensive," the Magistrate Judge spent 15 pages of his opinion responding to each piece of evidence Ms. Arrocha raised to counter the

ALJ's credibility determination. Now, in her objections to the R&R, Ms. Arrocha again suggests that the ALJ improperly discounted her evidence.

Credibility determinations are peculiarly within the province of the finder of fact, and the court should not upset credibility determinations if they are supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Accordingly, in reviewing the ALJ's credibility determinations, the court will usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." *Casias v. Secretary of HHS*, 933 F.2d 799, 801 (10th Cir. 1991). Nevertheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted). In evaluating credibility, the ALJ should consider such factors as: the levels of medication and their effectiveness; the extensiveness of the attempts (medical or nonmedical) to obtain relief; the frequency of medical contacts; the nature of daily activities; subjective measures of credibility that are peculiarly within the judgment of the ALJ; the motivation of and relationship between the claimant and other witnesses; and the consistency or compatibility of nonmedical testimony with objective medical evidence. *Id.* at 1132.

Ms. Arrocha argues first that the ALJ had no reason to question her credibility concerning the evidence about whether she had engaged in substantial gainful activity. But the ALJ detailed the conflicting evidence in the record about Ms.

Arrocha's substantial gainful activity. Given the mere existence of conflicting evidence, as identified by the ALJ and reiterated by the Magistrate Judge, the ALJ was entitled to discredit Ms. Arrocha's assertions and rely on other evidence for his conclusions.

Ms. Arrocha also asserts that the ALJ failed to consider the entirety of the "seizure log" prepared by her husband. As the Magistrate Judge noted, however, the ALJ's decision cites to evidence contained in the seizure log. Thus, this court is confident the ALJ considered the "seizure log," though it also appears that he discredited at least portions of it as being inconsistent with reports Ms. Arrocha gave to her treating physicians. As the trier of fact, the ALJ was in the best position to make that determination.

Finally, Ms. Arrocha contends that the ALJ did not consider the factors specified by the Commissioner as affecting credibility and that he did not affirmatively link his credibility findings to evidence in the record. As the Magistrate Judge detailed, however, the ALJ's analysis incorporates the relevant factors, even if not specifically identified in a list, and he also linked his credibility determination to specific evidence in the record.

Having reviewed *de novo* the ALJ's opinion and the evidence in the record, this court concludes that the ALJ's credibility determination is based on substantial evidence in the record.

**II.  Step Three**

In evaluating an application for social security benefits, an ALJ performs a sequential five-step analysis to determine if the applicant is disabled. The ALJ must determine whether

> (1) the claimant is presently engaged in substantial gainful activity, (2) the claimant has a medically severe impairment or impairments, (3) the impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation, (4) the impairment prevents the claimant from performing his or her past work, and (5) the claimant possess a residual functional capability (RFC) to perform other work in the national economy, considering his or her age, education, and work experience.

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). At Step Three, the ALJ concluded that Ms. Arrocha's seizure disorder did not meet or equal the condition in Listing 11.03 because her seizures did not occur more frequently than once weekly.

Ms. Arrocha asserted that this determination was not supported by substantial evidence because the "seizure log" she submitted provided sufficient evidence to conclude that her seizures occurred frequently enough to satisfy the listed impairment. As noted above, however, the ALJ evaluated the "seizure log" and discounted it, at least in part, as not entirely credible. Thus, Ms. Arrocha cannot rely on that piece of evidence to challenge the ALJ's determination at Step Three.

Ms. Arrocha also contends that it is impossible to determine if the ALJ considered whether her impairment *equaled* the listed impairment (as an alternative to *meeting* the impairment) because the ALJ's decision does not address that issue. Again she relies on the "seizure log" to conclude that her seizures occurred frequently enough to equal the impairment. As the Magistrate Judge explained, however,

6

whether a condition *equals* the listed impairment is not the same as whether that condition *almost meets* it. Instead, it is a question of medical equivalence, and Ms. Arrocha identifies no evidence in the record to support a claim of medical equivalence.

Finally, Ms. Arrocha argues that the ALJ failed to consider an opinion from a medical consultant during the Step Three analysis. The ALJ's decision, however, details the medical opinion offered by Dr. M. Stockwell, the state agency medical consultant, and describes his expertise in evaluating impairments under the severity requirements of the Listing of Impairments. The ALJ's reliance on his opinion, then, satisfies the requirement that the ALJ consider the opinion of a medical consultant designated by the Commissioner.

This court finds no error in the ALJ's Step Three analysis.

### III.    Hypothetical Question

Ms. Arrocha contends that the ALJ erred by presenting the vocational expert with an inadequate hypothetical question. She asserts that the hypothetical question the ALJ offered failed to "set out with precision" all of her impairments and limitations. Thus, the expert's conclusion that she could perform past work was not based on full information and did not constitute substantial evidence upon which the ALJ could rely.

The ALJ's hypothetical question does not need to include all limitations alleged by a claimant; instead it need only include those limitations that the ALJ has

found to exist.  *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000).  The ALJ's hypothetical question to the vocational expert included the following limitations regarding Ms. Arrocha's seizure disorder:  an individual limited to sedentary work who "would need to take unscheduled breaks" that "would not last more than ten minutes," but "that there would be no more than two of those breaks" per day.  Additionally, the vocational expert was asked to assume that the individual "would not be able to climb ladders or scaffolding, could only occasionally climb stairs, [and] would need to avoid all exposure to hazards, such as dangerous machinery or unprotected heights."

Ms. Arrocha suggests that the hypothetical question did not take into account the fatigue and headache that follow her seizures for longer than ten minutes.  But she has identified no evidence in the record that those symptoms would prevent her from returning to work after a ten minute break.

Ms. Arrocha also argues that the hypothetical question fails to address the possibility of a cluster of seizures over consecutive days or that some of her seizures were followed by a 30-minute period of confusion.  Given the ALJ's credibility determinations, particularly regarding Ms. Arrocha's "seizure log," however, the two ten-minute breaks each day sufficiently accommodate the limitations the ALJ found to exist.

Finally, Ms. Arrocha claims that the hypothetical question did not address her propensity for seizure-related falls.  As the Magistrate Judge noted, the restrictions on

working around ladders, scaffolding, machinery, or heights account for the possibility of a fall.

Thus, this court finds no error with the hypothetical question.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the Report and Recommendation of U.S. Magistrate Judge (Doc. 11) are overruled.  The Report and Recommendation (Doc. 10) is adopted and the Commissioner's decision is affirmed.

**IT IS SO ORDERED** this 17th day of December, 2008.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge